**STATE, ex. ROBINSON, Plaintiff, v. BOARD OF TRUSTEES, Hamilton Township, Defendant.**

Common Pleas Court, Lawrence County.

No. 33366.

Lloyd Burwell, for relator.
Homer Edwards, Ironton, for respondents.

**OPINION**

By EARHART, J.

This is an action praying for a writ of mandamus and came on to be heard on the petition of the relator, the answer of the respondents and a demurrer filed by the relator to the answer of the respondents. The case was submitted to the court upon the agreed statement of facts.

The relator, James Robinson is a trustee of Hamilton Township, Lawrence county, and was appointed by the Honorable John J. Gallagher, Municipal Judge of the city of Ironton, Ohio, to succeed Leonard Schwab who resigned. The appointment was made effective August 3, 1953 and the relator is still serving in this capacity. Leonard Schwab served as trustee of said township in excess of one hundred days in 1953 and was paid for his services the sum of five hundred dollars as provided by law. Relator alleges that two remaining trustees who are the respondents herein, have failed and refused to appropriate any funds with which to pay his statutory compensation. The claim of the respondents is that Leonard Schwab, having drawn the five hundred dollars authorized by statute, they have no legal right to appropriate additional funds to pay the relator his salary. Reference was made in argument by counsel for the respondents that the relator had performed no service, nor had he attended any meetings of the trustees, but this court does not believe that this fact is material to the controversy involved in this case.

The claim of relator is that he was duly appointed and has qualified as a trustee of said township, and that he is entitled to have the necessary funds appropriated with which to pay his salary, nothwithstanding the fact that relator's predecessor in office has already been compensated to the extent of five hundred dollars. In the statement of facts, it is agreed that Hamilton Township has an annual budget of less than ten thousand dollars.

The respondents contend also that this is not a proper case for the issuance of a writ of mandamus, and that the relator has an adequate remedy at law. A writ of mandamus is an extraordinary writ issued sparingly by the courts and would be issued only to compel performance of ministerial acts required by law, and where there is no adequate legal remedy. This court takes the view that mandamus is a proper remedy

in this case if the law and facts disclose that the relator is entitled to relief prayed for.

The question then is whether the relator is entitled to collect compensation when his predecessor in office has already been paid five hundred dollars for services rendered.

Sec. 505.24 R. C. (formerly §3294 GC) provides as follows:

"Each township trustee is entitled to compensation as follows:

"(A) Five dollars for each day of service in the discharge of his duties in relation to partition fences, to be paid in equal proportions by the parties;

"(B) Five dollars for each day of service in the business of the township, to be paid from the township treasury:

"(1) In townships having a budget of less than ten thousand dollars, compensation for not more than one hundred days at five dollars per day;

"(2) In townships having a budget of from ten thousand to twenty thousand dollars, compensation for not more than one hundred twenty-five days at five dollars per day;

"(3) In townships having a budget of from twenty thousand to thirty thousand dollars, compensation for not more than one hundred fifty days at five dollars per day;

"(4) In townships having a budget of thirty thousand dollars or over, compensation for not more than one hundred seventy-five days at five dollars per day. Each trustee shall present an itemized statement of his account for such per diem and services, which shall be filed with the township clerk and preserved for inspection by any persons interested."

Was it the intention of the legislature when it enacted this statute to limit absolutely the salaries to an aggregate of $1500.00 per year, or was it the intention of the legislature to merely set up a scale for measure of compensation as contended by the relator?

I find no cases reported in Ohio which deal with this question. The relator has cited three Attorney General's Opinions to support his contentions. In 1931, Attorney General's Opinions, Volume 1, page 339, this identical question was presented. Under the statute in effect at that time, compensation was limited to one hundred days at $2.50 per day, but otherwise its provisions are identical. The Attorney General held in that case that where one trustee had drawn full compensation of $250.00 and then resigned, that his predecessor could also draw compensation at the same rate. Similar holdings were made in 1937, Attorney General's Opinions Volume 2,

page 1778, in 1944, Attorney General's Opinions Volume 1, page 23.

If we are to place upon this section the interpretation sought by the relator, it would be possible for each of the three trustees to serve one hundred days and draw their salary of $500.00 each, and then resign, to be followed by three more trustees who serve another hundred days, receive their compensation of $500.00 each, then resign and be succeeded by still a third group who would serve one hundred days and draw $500.00 each, thus costing the township the sum of $4500.00 per year for administration of its township business. In Hamilton Township which has a budget of less than $10,000.00 per year, more than fifty per cent of its total budget could be used for trustees salaries alone. It does not seem reasonable that the intention of the legislature could have been thus. It is conceivable that under this arrangement the entire budget of the township could be spent for payment of salaries of its trustees, leaving nothing for construction of roads, ditches, and other improvements by the township.

It seems that the only reasonable interpretation of this statute is that the intent of the legislature was to provide a basis for determining the amount of compensation and also placing a limit upon the amount which could be spent for administration. This court is aware that the Attorney Generals of this state have rendered opinions contrary to the view of this court. These opinions are not binding upon this court, and I am unable to accept the views expressed therein.

I am aware that the relator finds himself in the position of being a township trustee with no prospect of receiving any salary. This risk he assumed when he accepted the appointment after his predecessor had drawn his compensation of $500.00. It certainly could not be the intention of the General Assembly to leave the door open for township trustees to use fifty per cent to one hundred per cent of the township budget for the payment of administrative expenses, which could happen under the interpretation placed on this statute by the Attorney General's Opinions cited above.

For these reasons, the demurrer of the relator to the respondent's answer is overruled and the writ of mandamus is denied. An entry may be drawn accordingly, noting the exceptions of the relator to the ruling of this court.